ROSE v. WINNSBORO NATIONAL BANK.

1. AN EXCEPTION to a ruling, not shown by the appeal record to have been made, overruled.

2. EVIDENCE—COMPARISON OF HANDWRITING.—There would be no error in permitting a stub book, in which was an admitted signature of plaintiff, to be taken into the jury room, where plaintiff had raised a doubt as to her signature to other material writings, the rule being, that comparison, as an original means of ascertaining handwriting, will not be permitted, but may be introduced in aid of doubtful proof already offered. In this case there was positive testimony to the disputed signature.

3. IBID.—NOTICE TO PRODUCE—SECONDARY PROOF.—After notice to the party to whom a letter was written to produce the original, and her failure to do so, there is evidence enough that such letter was in her control, to justify the court in permitting secondary evidence of contents.

4. CHARGING JURIES.—There is no error in refusing to charge a request where the matter requested was otherwise substantially charged.

5. NATIONAL BANK—LIMITATION OF ACTIONS.—Is a national bank a foreign corporation of the State in which it is located and carries on its banking business, in such sense that it may not plead the statute of limitations?

Before WALLACE, J., Fairfield, February, 1893.

Action by Jennie V. Rose against Winnsboro National Bank, commenced about August 1, 1892.

*Messrs. Buchanan & Hanahan,* for appellant.

*Mr. A. S. Douglass,* contra.

April 4, 1894. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an action, commenced in July, 1892, for the recovery of money alleged to have been deposited by the plaintiff with the defendant in the years 1874, 1875, and 1876, the aggregate amount claimed in the complaint being eight hundred and eighty dollars. The defendant is a national banking association, duly incorporated under the laws of the United States, and located since its organization at the town of Winnsboro, in the County of Fairfield, State of South Carolina. The defendant corporation, in their answer, entered a general denial of the allegations of the complaint, except as to its corporation, and charged that the plaintiff, while bearing the name of Mary P. Coleman, in the year 1879, claimed and demanded of the defendant corporation payment of the sum or sums of money demanded in the complaint, and that the defendant then denied that it was indebted to the plaintiff in any respect, or to any amount, on account of deposits, or otherwise, and refused to pay the same; pleaded payment of all sums that had ever been deposited to her credit, with the defendant, to her or to her authorized agent, and, also, in due form pleaded the statute of limitations. The action was tried before his honor, Judge Wallace, and a jury. Upon the evidence and under the charge of the judge, the jury found a verdict for the defendant, from which the plaintiff appeals to this court upon the various grounds stated in the record.

Exceptions 1 and 2 substantially impute error in allowing the witness Elliott, the cashier of the bank, to refresh his memory by written memoranda, bank books, &c., not an original paper made by witness contemporaneously with the transaction referred to. We have looked carefully through the whole record, and there must be some misapprehension here. The subject was discussed in open court between the plaintiff's attorney and his honor, the judge, but, as we understand it, the judge did not allow the witness Elliott to refresh his memory by the books after they were ruled out. After the conference, his honor, the judge, asked the witness, "Did you make that entry in the book yourself?" and being answered in the negative, he said, "I don't think that will do; I don't think you can refresh your memory by what was done by another, unless done in your presence." The witness answered, "I don't know of my own knowledge," and the books were not opened by the witness during his examination. We do not think that the appellant has any just cause of complaint against this charge. See *Bank* v. *Zorn,* 14 S. C., 450; *State* v. *Collins,* 15 S. C., 373.

Exception 3 complains that the judge erred in allowing a certain book, known as the certificate of stock book, used by the defendant's attorney during the examination of plaintiff to be sent to the jury room after the jury had retired, the purpose being to compare the handwriting on one of the said certificates of stock with the handwriting of certain letters offered by defendant, when the same was objected to by the plaintiff, &c. We can not find anything in the case to show that such was the fact. But assuming that it occurred, we do not see that it was error. The plaintiff had admitted her writing on the certificate of stock to be genuine. The plaintiff had, at least, made it doubtful whether certain letters introduced in evidence were in her handwriting; and as we understand the Circuit Judge only conformed to the general rule in such cases, which is, "that it has been generally held that comparison as an original means of ascertaining handwriting will not be permitted, but when introduced in aid of doubtful proof already offered, it may be allowed." *Benedict, Hall & Co.* v. *Flanigan,*

13—41

18 S. C., 507; *Graham* v. *Nesmith*, 24 S. C., 296; Greenl. Evid., § 578. Exception 4 is also disposed of by the above observations and authorities. But in addition to the comparison of the handwriting, the witness Elliott testified to the signature of the plaintiff and the genuineness of the letters from his knowledge of her handwriting and by the inspection of the letters themselves.

Exception 5 complains that the judge erred in allowing the witness Elliott to testify to the contents of certain letters, alleged to have been written by the witness to plaintiff, when the same was objected to by her, &c. It appears that written notice had been served upon the plaintiff to produce the original letters of Elliott, but they were not produced. It is true, that one notified to produce a paper should be shown to have "control of it." But, as Mr. Greenleaf (section 560) says: "Of this fact, very slight evidence will raise a presumption sufficient, where the instrument exclusively belongs to him and has recently been, or regularly ought to be, in his possession, according to the course of business," &c. Besides, it seems that the statement of Elliott as to what one of his letters to the plaintiff contained, was brought out on the cross-examination.

The only other exception alleges that his honor erred in refusing to charge the jury, after being requested so to do, that a foreign corporation could not set up the statute of limitations, &c. We do not clearly see how the refusal of the judge to so charge, in this case, could be matter of just complaint by the plaintiff, for he did charge as follows: "It is the business of the court always to construe written instruments for the jury, and I read over these letters carefully at the time they were put in evidence, and I don't think they make a demand. They simply make an assertion of a right, 'I have money there,' and that is no demand, and no right would accrue thereon and no statute of limitations would begin to run; so you can take the record, gentlemen, and find a verdict."

But if it had been otherwise, and the statute of limitations had been a practical question in the case, we can hardly think

that it would have been error in the judge to have refused to charge that "The Winnsboro National Bank" is, in the ordinary sense of the words, "a foreign corporation," and as such without the capacity to plead and rely upon the statute of limitations. That might possibly be an interesting theoretical question, but as it is not necessary, we do not propose to enter upon its consideration here. See 16 Am. & Eng. Enc. Law, page 147.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.